**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| ZHAODONG LIU,<br><br>               Petitioner,<br><br>   v.<br><br>ERIC H. HOLDER, Jr., Attorney General,<br><br>               Respondent. | No. 11-72456<br><br>Agency No. A099-712-470<br><br>MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted April 29, 2013[**]

Before:     HUG, FARRIS, and LEAVY, Circuit Judges.

Zhaodong Liu, a native and citizen of China, petitions pro se for review of

the Board of Immigration Appeals' ("BIA") dismissal of his appeal from the

immigration judge's ("IJ") denial of his applications for asylum, withholding of

removal, and protection under the Convention Against Torture ("CAT"). We

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

review for substantial evidence the agency's adverse credibility finding and other factual findings underlying the determination that an applicant is ineligible for asylum, withholding of removal, and CAT protection. *Kin v. Holder*, 595 F.3d 1050, 1054 (9th Cir. 2010); *Zhou v. Gonzales*, 437 F.3d 860, 864 (9th Cir. 2006). We have jurisdiction under 8 U.S.C. § 1252, and we deny the petition for review.

The agency's adverse credibility decision was reasonable and supported by substantial evidence given the totality of the circumstances, including the non-trivial inconsistency between Liu's written statement and his testimony, his demeanor during the merits hearing, and his failure to provide corroborating evidence. *See Shrestha v. Holder*, 590 F.3d 1034, 1039-42, 1047-48 (9th Cir. 2010).

We reject Liu's contention that the BIA erred by failing to adequately discuss credibility, country reports, and a well-founded fear of persecution. *See Najmabadi v. Holder*, 597 F.3d 983, 990-91 (9th Cir. 2010).

In the absence of credible testimony, Liu's asylum and withholding of removal claims fail. *See Rizk v. Holder*, 629 F.3d 1083, 1091 (9th Cir. 2011); *Shrestha*, 590 F.3d at 1048-49; *see also Farah v. Ashcroft*, 348 F.3d 1153, 1156 (9th Cir. 2003). Liu's CAT claim also fails because the country reports alone do not compel the conclusion that it is more likely than not that Liu will be tortured if

returned to China. *See Almaghzar v. Gonzales*, 457 F.3d 915, 922-23 (9th Cir. 2006).

The motion to strike the baptismal certificate is granted.

**PETITION FOR REVIEW DENIED**.